

ORDERED in the Southern District of Florida on December 16, 2015.

Erik P. Kimball, Judge
United States Bankruptcy Court
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:  Case No. 14-20731-EPK

MARTIN A. TABOR and  Chapter 7
ABBY TABOR,

    Debtors.
_____/
HEARTWOOD 4, LLC, and
DEBORAH C. MENOTTE,
Chapter 7 Trustee,

    Plaintiffs,
vs.
    Adv. No. 15-01616-EPK

MARTIN A. TABOR and
ABBY TABOR,

    Defendants.
_____/

### ORDER GRANTING IN PART MOTION TO COMPEL

THIS MATTER came before the Court for hearing on December 9, 2015 upon *Heartwood 4, LLC's Motion to Compel Stuart International Corp. to Produce Documents and for Sanctions* [ECF No. 31] (the "Motion to Compel") filed by creditor Heartwood 4,

LLC ("Heartwood"). For the reasons stated below and at the hearing, the Court grants the Motion in part.

Debtor Martin A. Tabor is the sole beneficiary of the Martin Tabor 401k Profit Sharing Plan (the "Plan"). Mr. Tabor claimed the Plan as fully exempt from administration in this case pursuant to Fla. Stat. Ann. § 222.21(2). Mr. Tabor scheduled the value of the Plan at $297,213.95.

Until 2015, Mr. Tabor was the sole director and president of Stuart International Corp. ("Stuart"), a Florida corporation. According to Deborah Menotte, chapter 7 trustee in this case (the "Trustee"), beginning in 2008 the Plan made a series of loans to Stuart. According to the Trustee, about $200,000 remained outstanding on such loans at the time this case was filed. The Trustee alleges that the value of such loans is not reflected in the value of the Plan as scheduled by Mr. Tabor. In addition, the Trustee alleges that the loans made by the Plan cause the Plan not to be in substantial compliance with the relevant provisions of the Internal Revenue Code, and thus not exempt under Fla. Stat. Ann. § 222.21(2). The Trustee filed a formal objection to Mr. Tabor's exemptions, including the exemption of the Plan. ECF No. 166 in Case No. 14-20731-EPK.

The Trustee and Heartwood also believe that Mr. Tabor and Abby Tabor (together, the "Debtors") concealed assets from creditors and the bankruptcy estate by, among other things, failing to disclose that the Plan is owed $200,000. The Trustee and Heartwood filed the above-captioned adversary proceeding requesting denial of the Debtors' discharge and objecting to certain claimed exemptions.

In the course of discovery, Heartwood served a subpoena on Stuart. ECF No. 9. In the subpoena, Heartwood requests a number of documents, including financial and other records in connection with the loans made by the Plan, financial and other records in connection with other transactions addressed in the complaint, and various forms of

communication between Stuart and the Debtors and certain other persons relevant to the claims presented in this adversary proceeding.

Stuart did not file a response to the Motion to Compel. However, Stuart did file *Non-Party, Stuart International Corp.'s Objection to Subpoena and Motion to Quash or Modify or for Protective Order* [ECF No. 193 in Case No. 14-20731] (the "Motion to Quash") in response to a similar subpoena served on Stuart by the Trustee in the main bankruptcy case. At the hearing on December 9, 2015, Stuart responded to the Motion to Compel simultaneously with its presentation on the Motion to Quash and with identical arguments.

Stuart first objects on the ground that the information requested is confidential. Stuart correctly cites case law to the effect that "the Florida Constitution protects the financial information of persons *if there is no relevant or compelling reason to compel disclosure.*" *Borck v. Borck*, 906 So. 2d 1209, 1211 (Fla. 4th DCA 2005) (emphasis added); *see also* Fed. R. Civ. P. 45 (authorizing courts to quash a subpoena upon a showing that it requires disclosure of confidential information). Yet it is obvious that the documents requested from Stuart are relevant to the claims presented in this case and should be subject to discovery here. Indeed, the fact that Stuart itself might possess certain of the documents may be relevant to the claims presented.

Stuart next objects on the grounds that the requests in the subpoena are overbroad and unduly burdensome. In the Motion to Quash and on the record at the hearing, Stuart argued that phrases in the subpoena such as "any and all documents" and "relating to, evidencing or concerning" are impermissibly broad in scope. Stuart also objects that the requested documents would reach back over a period of years, implying that the scope of production would thus be burdensome.

In resisting a discovery request, "a party must show specifically how the requested discovery is burdensome, overbroad, or oppressive by submitting detailed affidavits or other

evidence establishing the undue burden. 'The resisting party must make a particular and specific demonstration of fact and cannot rely on simply conclusory assertions about the difficulty of complying with a discovery request.'" *Belaire at Boca, LLC v. Assns. Ins. Agency, Inc.*, 2007 WL 1830873, *1 (S.D. Fla. 2007) (quoting *Coker v. Duke & Co., Inc.,* 177 F.R.D. 682, 686 (M.D. Ala., 1998); *cf. In re Pinchuk*, 2014 WL 1745047, *2 (S.D. Fla. 2014) (noting that a party "must specifically demonstrate how discovery is overbroad or burdensome in order to meet the undue burden standard").  Whether a discovery request is unduly burdensome depends on the impact such request will have on the responding party. If the only records maintained by a party subject to subpoena consist of written correspondence and documents maintained in a single file drawer, then no document request relevant to the cause, no matter how expansively worded, is unduly burdensome. On the other hand, if the party subject to subpoena has maintained substantial hard and electronic records and correspondence over an extended period, potentially involving dozens if not hundreds of individual employees, and document collection and review will necessitate the work of several individuals over a period of weeks or even months, then the Court must scrutinize the wording of the subpoena with an eye toward balancing the burdens of the parties in light of the needs of litigation.

      Stuart is correct in suggesting that this analysis weighs slightly in favor of a non-party who is served with a subpoena.  But even if a respondent is not a direct party to the action it must be able to state, with particularity, what the request will require the party to do in order to comply and why those actions are not an appropriate burden on the party.

      Stuart's Motion to Quash contains no specific allegations with regard to what Stuart would need to do to respond to the subpoena.  At the hearing, counsel for Stuart was not able to answer the most rudimentary questions about what files and records Stuart maintains that might be responsive to the request, and what Stuart would need to do to

respond to the subpoena as served.  In short, Stuart provided no substance to back up its objection.

Accordingly, for the foregoing reasons and those stated on the record at the hearing, it is ORDERED AND ADJUDGED that:

1. The Motion to Compel [ECF No. 31] is GRANTED IN PART to the extent provided herein.

2. Stuart shall respond to Heartwood's subpoena no later than fourteen (14) days after entry of this Order.

3. If Stuart objects to production of any responsive document on grounds of attorney-client privilege or the work product doctrine, Stuart shall serve with its response a privilege log.

4. The remainder of the Motion to Compel is DENIED without prejudice.

5. The Court retains jurisdiction to enforce this Order.

###

Copies furnished to:

Daniel N. Gonzalez, Esq.

*Daniel N. Gonzalez, Esq. is directed to serve a conformed copy of this order on all appropriate parties and file a certificate of service with the Court.*