

**ORDERED in the Southern District of Florida on April 12, 2016.**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Erik P. Kimball, Judge**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States Bankruptcy Court**

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| **In re:** | **CASE NO.:14-20731-EPK** |
| | **CHAPTER 7** |
| **Martin A. Tabor and Abby Tabor,** | |
| 　　Debtors. | |
| _____/ | |
| **Heartwood 4, LLC and Deborah C. Menotte, Chapter 7 Trustee,** | |
| 　　Plaintiffs, | |
| v. | **ADV. PROC. NO.:15-01616-EPK** |
| **Martin A. Tabor and Abby Tabor,** | |
| 　　Defendants. | |
| _____/ | |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COUNT IX**

　　In their complaint, creditor Heartwood 4, LLC ("Heartwood") and Deborah C. Menotte, as Chapter 7 trustee for the estate of Martin A. Tabor and Abby Tabor (the "Trustee" and, together with Heartwood, the "Plaintiffs"), object to entry of discharge in favor of Martin

A. Tabor and Abby Tabor (together, the "Debtors") and object to a claimed exemption. In their *Debtors' Motion to Dismiss Count IX* [ECF No. 79] (the "Motion"), the Debtors seek to dismiss Count IX, Objection to Exemption, 11 U.S.C. § 522(o). For the reasons that follow, the Court grants the Motion.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must determine, based on "judicial experience and common sense," whether the well-plead facts in the complaint present a plausible claim for relief. *Ashcroft*, 556 U.S. at 679. In making this determination, the Court must accept as true all factual allegations in the complaint. *Id.* at 678. Motions to dismiss are not favored and are rarely granted. *See, e.g., Madison v. Purdy*, 410 F.2d 99, 100 (5th Cir. 1969); *Int'l Erectors, Inc. v. Wilhoit Steel Erectors & Rental Serv.*, 400 F.2d 465, 471 (5th Cir. 1968).

The Court takes the following facts plead in the complaint as true for purposes of deciding this Motion.

In 2002, the Debtors purchased a condominium in Hutchinson Island, Florida (the "Condo") and designated it as their homestead.[1] On July 20, 2006, the Debtors purchased a single family home in Hutchinson Island, Florida (the "House"). In 2009, after the Debtors

---

[1] Although unclear from the record, it appears that the Debtors designated the Condo as their homestead for purposes of assessment of real property tax by filing the appropriate form with the county tax assessor. Although such designation is evidence with regard to the intent of a Florida resident to make a particular residence his or her homestead for purposes of the Florida Constitution, it is not dispositive in this regard. Because the parties treat the Debtors' designation for purposes of real property tax as equivalent to the establishment of homestead under the Florida Constitution, the Court does the same for purposes of this order.

began to experience financial difficulty, the Debtors designated the House as their homestead. In March, 2011, the Debtors sold the Condo. The Debtors filed their chapter 7 petition on May 9, 2014. On Schedule C, the Debtors claim the House as their homestead, exempt from administration in this case.

In general, upon commencement of a bankruptcy case, all legal and equitable interests of a debtor in property become property of the bankruptcy estate. 11 U.S.C. §541(a)(1). However, section 522 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, permits a debtor to exempt from the estate certain property listed either in the Bankruptcy Code itself or, if the relevant state has so designated, provided for in applicable state law. The State of Florida has opted to permit Florida residents to take advantage of Florida constitutional and statutory exemptions in bankruptcy. 11 U.S.C. § 522(b)(3)(A); Fla. Stat. § 222.20.

Bankruptcy Code § 522(o)(4) provides as follows:

For purposes of subsection (b)(3)(A), and notwithstanding subsection (a), the value of an interest in—

(4) real or personal property that the debtor or a dependent of the debtor claims as a homestead;

shall be reduced to the extent that such value is attributable to any portion of any property that the debtor disposed of in the 10-year period ending on the date of the filing of the petition with the intent to hinder, delay, or defraud a creditor and that the debtor could not exempt, or that portion that the debtor could not exempt, under subsection (b), if on such date the debtor had held the property so disposed of.

Under this provision, a debtor may not benefit from converting nonexempt property to exempt property, within the relevant time period, with the intent to shield the previously nonexempt value from creditors. Among other things, section 522(o)(4) requires that the debtor have "disposed of" previously nonexempt property and caused the value of such

3

property to become part of the homestead. To the extent the homestead value was augmented by such disposition, the value of the homestead exemption is reduced. Importantly, for purposes of the present Motion, Congress explicitly required that there be a disposition of previously nonexempt property to trigger relief under section 522(o).

The Plaintiffs argue that the Debtors "disposed of" property in two alternative ways. First, the Plaintiffs argue that the Debtors disposed of their homestead interest in the Condo when in 2009 they no longer claimed the Condo as their homestead. Second, the Plaintiffs argue that the Debtors disposed of their previously nonexempt fee interest in the House when they made the House their homestead.

The only way to make sense of the Plaintiffs' arguments is to assume that the benefit obtained by a Florida homeowner when he or she treats a particular residence as his or her homestead is itself a property right. In other words, the Plaintiffs argue that the homestead right itself constitutes a property interest for purposes of section 522(o). There is nothing in Florida law to support this contention.

The Florida Constitution provides, in relevant part:

(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:

(1) a homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, which shall not be reduced without the owner's consent by reason of subsequent inclusion in a municipality; or if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or the owner's family;

Fla. Const. art. X, § 4(a)(1).

4

Homesteads in Florida benefit from a partial exemption from real property tax, are protected from forced sale by most creditors, and are subject to restrictions on alienation and devise and descent. *Snyder v. Davis*, 699 So. 2d 999, 1001-02 (Fla. 1997). "The concept of 'homestead' will be given different meanings in different contexts, as circumstances require." *In re Dean*, 177 B.R. 727, 730 (Bankr. S.D. Fla. 1995). In the present case, the Court focuses on the fact that a Florida homestead is protected from forced sale by most creditors. It is this protection that makes the homestead exempt from the bankruptcy estate. The other effects under Florida law, such as the partial exemption from real property tax and the restrictions on alienation and devise and descent, are not relevant to the analysis here.

Under Florida law, a

> [h]omestead is simply a status, constitutionally defined, which exempts certain property from execution and limits its alienability. It is not a property interest. When a Florida resident's property acquires homestead status, the owner does not acquire any of the rights traditionally associated with property interests: the right to possession, the right to use, the right to transfer—the owner already holds whatever of these he has. Accordingly, homestead status in Florida is not properly conceptualized as a stick in the bundle; rather, it is a protective safe in which the bundle is put.

*Venn v. Reinhard (In re Reinhard)*, 377 B.R. 315, 319 (Bankr. N.D. Fla. 2007) (applying the similar provisions of section 522(p)). "For purposes of federal bankruptcy law, the homestead exemption is not a separate interest, but rather the status of a withdrawn interest in property that was acquired prior to bankruptcy." *Wallace v. Rogers (In re Rogers)*, 513 F.3d 212, 225 (5th Cir. 2008) (examining Texas homestead law in the context of § 522(p)). Stated another way, Florida homestead status is a "claim for the underlying property interest" and is not itself a property interest. *See Greene v. Savage (In re Greene)*, 583 F.3d 614, 625 (9th Cir. 2009) (examining Nevada homestead law in the context of § 522(p)).

5

The designation of a particular residence as homestead under Florida law is not itself property subject to disposition. Neither the release of homestead rights in the Condo nor the designation of homestead rights in the House constitutes a disposition of property within the meaning of § 522(o). The Debtors "did not sell, or otherwise transfer, any property" within the relevant time period; the Debtors "merely designated" certain property as homestead. *In re Lyons*, 355 B.R. 387, 390 (Bankr. D. Mass. 2006); *accord In re Noonan*, No. 13-15420-WCH, 2014 WL 184776, at *4 (Bankr. D. Mass. Jan. 15, 2014).

In Count IX of the complaint the Plaintiffs also request an order of the Court denying the Debtors' homestead exemption in full. No basis for this relief is provided in the complaint. This component of Count IX should also be dismissed.

The Plaintiffs did not file a motion for leave to amend their complaint to restate the request for relief in Count IX, nor did they set forth in any manner the substance of any proposed amendment. *Long v. Satz*, 181 F.3d 1275, 1279-80 (11th Cir. 1999) (per curiam); *Posner v. Essex Ins. Co.,* 178 F.3d 1209, 1222 (11th Cir. 1999) (per curiam) (a request for leave to amend "imbedded within an opposition memorandum" is not "raised properly"; neither did the memorandum set forth new factual allegations that would cure the reason for dismissal). In any case, it appears that amendment to Count IX would be futile as, even taking into account in full the arguments presented in the Plaintiffs' brief, the circumstances of this case do not warrant relief under section 522(o). The request for leave to amend will be denied.

Accordingly, and with the Court being fully advised in the premises, it is **ORDERED AND ADJUDGED** that:

1.  The Motion [ECF No. 79] is GRANTED.

2. Count IX of the complaint is DISMISSED with prejudice.

###

Copies Furnished To:

Thomas M. Messana, Esq.

*Thomas M. Messana, Esq. is directed to serve a conformed copy of this Order on all appropriate parties and file a certificate of service.*